UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROGER LAITINEN,

        Plaintiff,

v.

SUN LIFE ASSURANCE COMPANY
OF CANADA,

        Defendant.
                               /

File No. 2:15-cv-144

HON. ROBERT HOLMES BELL

# **O P I N I O N**

This case involves a claim for benefits under a group term insurance policy. Plaintiff filed his complaint in state court seeking $1,000,000 in damages, plus costs, interest, and actual attorney fees. On October 9, 2015, Defendant removed the case to federal court, arguing that (1) Plaintiff's state-law causes of action are, in reality, federal claims, and (2) there is complete diversity between the parties and the amount in controversy exceeds $75,000. (Notice of Removal 4, ECF No. 1.) The matter is before the Court on Defendant Sun Life Assurance Company of Canada's motion to dismiss for failure to state a claim upon which relief can be granted. (ECF No. 8.) Plaintiff has filed a response (ECF No. 12), to which Defendant filed a reply (ECF No. 15).[1]

---

[1] Plaintiff then filed a motion for leave to file a response to Defendant's response (ECF No. 17), and Defendant filed a response to Plaintiff's motion for leave (ECF No. 18). Neither of these motions have any bearing on the Court's decision in the matter, and Plaintiff's motion for leave to file a response will thus be denied as moot.

I.

Plaintiff Roger Laitinen is the surviving spouse of Deni L. Laitinen, who died on August 24, 2014, after falling into a campfire. The medical examiner ruled that the death was accidental. Plaintiff's wife participated in TruNorth Federal Credit Union's Group Term Insurance Policy ("Policy"). Defendant funds the Employee Accidental Death and Dismemberment benefits that Plaintiff, as the beneficiary of the Policy, contends he is entitled to. (Policy, ECF No. 9, PageID.59.) Plaintiff does not dispute that the Policy is subject to the Employee Retirement Income Security Act of 1974 (ERISA).

Before determining whether to make a payment on a claim, Sun Life requires the claimant to submit various information. "Sun Life may require as part of the Proof authorizations to obtain medical and non-medical information." (Policy 55, ECF No. 9.) The Policy also provides that "[t]he employee or dependent must agree to . . . provide copies of medical records, if requested by Sun Life. Sun Life will pay the cost of any paramedical examination ordered by Sun Life for the purpose of providing Evidence of Insurability." (*Id.* at 10.)

On September 2, 2014, Plaintiff filed a claim to collect the life insurance benefits. Defendant Sun Life "paid the standard $10,000 benefit for natural causes," but "has yet to pay the additional $10,000 benefit for accidental death" which Plaintiff contends he is entitled to. (Compl. ¶¶ 10-11, ECF No. 1-1.) Plaintiff further alleges that Defendant has wrongfully refused to pay his wife's medical record bill. (*Id.* ¶ 13.) The complaint seeks

relief in the form of an accidental death benefit payment, attorney fees, punitive and/or exemplary damages, and payment for medical bills. (*Id.* ¶¶ 12-15.) Plaintiff's complaint does not, however, specify the claims he is bringing. The Court construes the complaint as alleging state-law causes of action. *See Mazur v. UNUM Ins. Co.*, 590 F. App'x 518, 520 n.1 (6th Cir. 2014) ("[T]he complaint does not state specifically whether these claims are state-law claims, but the fact that [the plaintiff] brought these claims in state court and failed to mention ERISA or any federal question suggests that they are.").

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a party may assert "failure to state a claim upon which relief can be granted" as an affirmative defense. A Rule 12(b)(6) motion to dismiss requires the Court to "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff,'" but the Court "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). Under the federal notice pleading standards, a complaint must contain "a short and plain statement of the claim showing how the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this statement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The complaint need not contain detailed factual allegations, but it must include more

3

than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Plaintiff must allege facts that "state a claim to relief that is plausible on its face," and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 677).

## II.

Defendant's motion to dismiss argues that Plaintiff has failed to state a claim upon which relief may be granted for two reasons. First, Defendant argues that all state-law claims pleaded by Plaintiff are preempted by ERISA. Second, Defendant argues that Plaintiff has failed to exhaust his administrative remedies prior to filing this lawsuit.

### A. ERISA Preemption

Defendant first argues that Plaintiff's complaint should be dismissed because "Plaintiff's claims against Sun Life as well as his prayers for relief are pleaded under Michigan law, yet *relate* to an employee welfare benefit plan and, as such, are preempted under ERISA." (Def.'s Mot. to Dismiss 4, ECF No. 8.)

"ERISA preempts state law claims in two ways: (1) through express preemption and (2) through complete preemption." *Deschamps v. Bridgestone Ams., Inc. Salaried Employees*

*Retirement Plan*, No. 3:12-cv-86, 2015 WL 5254338, at *14 (M.D. Tenn. Sept. 9, 2015). Express preemption, codified at 29 U.S.C. § 1144(a), preempts any state law claims that "relate to any benefit plan[.]" *Id.* Complete preemption, on the other hand, is "[m]ore productively thought of as a jurisdictional rather than a preemptive rule, [and] amounts to an exception to the well-pleaded complaint rule that converts a state-law claim that could have been brought under [29 U.S.C.] § 1132 into a federal claim, and makes the recharacterized claims removable to federal court." *Loffredo v. Daimler AG*, 500 F. App'x 491, 494 (6th Cir. 2012) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987)). "Complete preemption applies when a plaintiff dresses up a claim for benefits under a pension plan in state-law clothing because ERISA has 'so fill[ed] every nook and cranny' of the area 'that it is not possible to frame a complaint under state law.'" *Id.* (quoting *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1075 (7th Cir. 1992)).

Defendant removed the case to federal court, in part, because "complete preemption operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint." (Notice of Removal 3, ECF No. 1.) Defendant stated that "Plaintiff's claims–even though apparently pleaded as state law claims–are in fact claims arising under federal law[.]" (*Id.*) But after stating that Plaintiff's claims are, in fact, claims arising under federal law, Defendant's motion to dismiss argues that "Plaintiff may not proceed with his *state law* theories and Plaintiff's complaint must be

5

dismissed," and repeatedly cites 29 U.S.C. § 1144–which pertains to *express* preemption–in support. (Mot. to Dismiss 8, ECF No. 8) (emphasis added).

A similar situation occurred in *Erbaugh v. Anthem Blue Cross & Blue Shield*, 126 F. Supp. 2d 1079, 1081 (S.D. Ohio 2000), where the defendant (Anthem) first argued that the plaintiff's (Erbaugh) claims "were federal law claims from their inception, despite the fact that Erbaugh pled them as state-law claims," and therefore removed Erbaugh's complaint to federal court. In the same motion, however, Anthem alleged that the claims were "'based solely on state law' and, therefore, that they should be dismissed, pursuant to 29 U.S.C. § 1144(a), which allows ERISA to preempt state law when it 'relates to' matters governed by ERISA, but which *does not* create a federal cause of action."*Id.* (citing *Warner v. Ford Motor Co.*, 46 F.3d 531, 534 (6th Cir. 1995)). The court in *Erbaugh* stated:

> Anthem cannot have it both ways. If Erbaugh's Complaint truly contains federal-law claims *arising under* ERISA (and providing a basis for removal under 28 U.S.C. § 1441), then it would be inappropriate for the Court to construe those federal-law claims as state-law claims and to dismiss them as preempted by ERISA. On the other hand, if Erbaugh's Complaint actually does contain nothing more than state-law claims, as Anthem now suggests, then such claims may well be preempted by ERISA under 29 U.S.C. § 1144(a). If those claims are *all* state-law claims, however, then this action was improperly removed, as no basis for federal question jurisdiction exists. *Warner* [*v. Ford Motor Co.*], 46 F.3d [531,] 534 [(6th Cir. 1995)] (recognizing that no removal jurisdiction exists under § 1144).

*Id.* at 1081-82. That is because "[i]t would defy logic . . . for the Court to allow removal on the basis that the Plaintiffs' Complaint contains federal causes of action, *arising under* ERISA from their inception, and then to grant summary judgment and enter final judgment against the Plaintiffs, because their claims are *preempted* by ERISA." *B-T Dissolution, Inc.*

*v. Provident Life & Accident Ins. Co.*, 101 F. Supp. 2d 930, 932 n.3 (S.D. Ohio 2000) (emphasis in original).

While Plaintiff's complaint is unclear as to what specific claims are being brought, "[i]t is not the label placed on a state law claim that determines whether it is [completely] preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991). 29 U.S.C. § 1132(a)(1)(B) completely preempts state law claims that "should be characterized as a superseding ERISA action 'to recover benefits due . . . under the terms of the plan, to enforce . . . rights under the terms of the plan, or to clarify . . . rights to future benefits under the terms of the plan.'" *Wright v. General Motors Corp.*, 262 F.3d 610, 613 (6th Cir. 2001) (quoting *Warner*, 46 F.3d at 534). Plaintiff's complaint alleges two wrongful actions taken by Defendant: (1) the failure to pay the additional $10,000 benefit for accidental death; and (2) the failure to pay a medical record bill. Both obligations arise out of terms set forth in the Policy. As such, Plaintiff is attempting to recover benefits due to him under the terms of the plan or to enforce rights under the terms of the plan, and his state law causes of action are completely preempted. *See Wright*, 262 F.3d at 613.

Defendant argues that as a result of ERISA's preemptive force, this Court must dismiss Plaintiff's claims. The Court is not able to do so. "A court presented with a claim that is completely preempted by ERISA has two options: allow the plaintiff to amend the complaint to expressly assert an ERISA claim or simply treat the state-law claim as a claim under ERISA." *Hogan v. Jacobson*, No. 3:12-cv-820-DJH, 2015 WL 1931845, at *2 (W.D.

Ky. Apr. 28, 2015). "[T]he prevailing practice is to grant a party whose state-law claims have been removed on the basis of complete preemption leave to file an amended complaint, recasting those claims (which, despite their state-law language, *are* federal claims) in the language of ERISA." *B-T Dissolution, Inc.*, 101 F. Supp. 2d at 932 n.3 (S.D. Ohio 2000) (citing *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 411 (6th Cir. 1998); *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1328 (11th Cir. 1997); *Shea v. Esensten*, 107 F.3d 625, 627 (8th Cir. 1997); *Degnan v. Publicker Indus., Inc.*, 83 F.3d 27, 30 (1st Cir. 1996)).

Accordingly, the Court will allow Plaintiff to amend his complaint and expressly assert ERISA claims within 21 days. Failure to do so will result in dismissal without prejudice.

**B. Failure to Exhaust Administrative Remedies**

Next, Defendant argues that Plaintiff's complaint "must be dismissed *with prejudice* as Plaintiff has failed to exhaust his administrative remedies prior to filing this lawsuit." (Mot. to Dismiss 4.) The Sixth Circuit, along with most other circuits, requires an ERISA "participant to exhaust his or her administrative remedies prior to commencing suit in federal court." *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991). This requirement "enables plan fiduciaries to 'efficiently manage their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the fiduciaries' actions.'" *Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 453 (6th Cir. 1991) (quoting *Maker v. Health Care Corp. of Mid-Atlantic*, 872 F.2d 80, 83 (4th Cir. 1989)).

"Although the Sixth Circuit has not addressed the issue," the Western District of Michigan, as well as "a number of courts[,] have held that exhaustion of administrative remedies under ERISA is an affirmative defense." *Zappley v. The Stride Rite Corp.*, No. 2:09-cv-198, 2010 WL 234713, at *4 (W.D. Mich. Jan. 13, 2010). Among those other courts are the courts of appeals for the Second, Third, Fifth, and Ninth Circuits. *See Paese v. Hartford Life & Accident Ins. Co.*, 449 F.3d 435, 446 (2d Cir. 2006); *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 280 (3d Cir. 2007); *Wilson v. Kimberly-Clark Corp.*, 254 F. App'x 280, 286-87 (5th Cir. 2007); *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 627 n.2 (9th Cir. 2008).

"The burden of establishing [an] affirmative defense rests with the defendant . . . [and] a motion to dismiss filed under [Rule] 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Therefore, typically, "a Rule 56 'summary judgment motion is the proper vehicle for considering a defendant's claim that a plaintiff has failed to exhaust administrative remedies before filing a civil action." *Beamon v. Assurant Employee Benefits*, 917 F. Supp. 2d 662, 666 (W.D. Mich. 2013) (quoting *Gunn v. Bluecross Blueshield of Tenn., Inc.*, No. 1:11-cv-183, 2012 WL 1711555, at *4 (E.D. Tenn. May 15, 2012)). One exception to this rule provides that "a district court may dismiss a complaint if the existence of a valid affirmative defense, such as the failure to exhaust, is so plain from the face of the complaint that the suit can be regarded as frivolous[.]" *Turley v Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010).

In this case, Defendant filed a motion to dismiss under Rule 12(b)(6), asserting that Plaintiff failed to exhaust his administrative remedies before filing suit. Defendant notes that "Plaintiff has clearly failed to exhaust the administrative remedies available to him prior to bringing suit and Plaintiff's complaint does not allege otherwise." (Mot. to Dismiss 9.) But Plaintiff's complaint does not have to allege otherwise. It is *Defendant's* burden to establish affirmative defenses. *Goodman*, 494 F.3d at 464. While Defendant may be able to meet this burden on a motion for summary judgment, it is not "so plain from the face of the complaint" that Plaintiff failed to exhaust his affirmative defenses, *Turley*, 625 F.3d at 1005, and Defendant's Rule 12(b)(6) motion has failed to show otherwise.[2]

Accordingly, Plaintiff's complaint will not be dismissed on this ground.

### III.

In summary, the Court finds that the state law claims raised in Plaintiff's complaint are, in reality, claims arising under ERISA and, thus, are completely preempted. Plaintiff will have 21 days from the date of this Opinion to amend his complaint and expressly assert ERISA claims. Further, while Defendant's argument that Plaintiff has failed to exhaust administrative remedies may be meritorious on a motion for summary judgment, it is not properly before the Court at this stage. Lastly, the Court is not persuaded by Defendant's argument that it should "be awarded its attorneys' fees and costs in an amount not less than

---

[2] Plaintiff's response to Defendant's motion to dismiss appears to acknowledge that Plaintiff has failed to exhaust administrative remedies. But the response could also be read as raising an argument that it would have been futile to exhaust administrative remedies. Regardless, when ruling on a 12(b)(6) motion, the Court may consider only the complaint, "any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The complaint mentions "Defendant's wrongful denial" of accidental death benefits, which indicates that Plaintiff did exhaust administrative remedies, and that his claim was denied.

$6,000 so far incurred in the defense of this matter, which should have never been filed."

(Def.'s Am. Reply Br. 9, ECF No. 17.)

      An Order will enter consistent with this Opinion.


Dated: March 9, 2016                                    /s/ Robert Holmes Bell
                                                             ROBERT HOLMES BELL
                                                             UNITED STATES DISTRICT JUDGE